[S. F. No. 3927. In Bank.—May 27, 1905.]

J. T. LAMB, as Trustee in Matter of J. H. Corcoran, a Bankrupt, Respondent, v. FRANK E. HALL, Appellant.

BANKRUPTCY—ACTION TO SET ASIDE SALE—PURCHASE BY CREDITOR—FRAUDULENT PREFERENCE — SUPPORT OF ORDER GRANTING NEW TRIAL—PRESUMPTION UPON APPEAL.—In an action by the trustee of a bankrupt to set aside a sale as a fraudulent preference of a creditor in anticipation of bankruptcy, although the testimony for the defendant shows a fair purchase of the property by the creditor for an adequate price in cash, which would be legitimate, yet it must be presumed upon appeal in support of a general order granting a new trial, that the court discredited the testimony for the defendant, and found that there was no sale, but merely an attempted transfer in satisfaction of a debt due the defendant, working a fraudulent preference.

ID.—TRANSFER OUT OF COURSE OF BUSINESS—BURDEN OF PROOF AS TO GOOD FAITH.—Where the transfer was out of the usual course of business, the burden of proof was upon the defendant to establish good faith, and where there was abundant evidence that the debtor was insolvent, and that defendant knew of his insolvency, the court was not bound to accept their evidence as to a sale, and its order granting a new trial cannot be disturbed upon appeal.

ID.—TRANSFER OF INTEREST IN PARTNERSHIP BUSINESS—RIGHT OF POS-
SESSION.—Where the action by the trustee in bankruptcy was not
brought to recover the possession of the property transferred, but
to have the transfer adjudged invalid as to the creditors of the
bankrupt, the fact that the transfer was of an interest in partner-
ship business, of which the defendant has the right under the
Bankrupt Act to continue in possession, does not entitle the defend-
ant to a dismissal of the action.

ID.—PARTIES—BANKRUPT—REVIEW UPON APPEAL.—The bankrupt debtor
is not a necessary party to the action in any view. The defendant
could not be prejudicial by his absence; and the question of proper
parties is not involved upon appeal from an order granting a new
trial.

APPEAL from an order of the Superior Court of Mari-
posa County granting a new trial. J. J. Trabucco, Judge.

The facts are stated in the opinion of the court.

Congdon & Congdon, and J. A. Adair, for Appellant.

The bankrupt had power to sell for cash at a fair price
(Brandenburg on Bankruptcy, p. 665, sec. 31; *Dunlop* v.
*Thomas,* 28 Wash. 521), and had power to give adequate
security for cash advanced. (*Darby* v. *Boatman's Sav. Inst.,*
1 Dill. 141; *Gaffney* v. *Signaigo,* 1 Dill. 158; *Clark* v. *Iselin,*
10 Blatchf. 204; *Ex parte Ames,* 1 Low. 561; *Jenkins* v.
*Mayor,* 2 Biss. 303; *Githens* v. *Shiffler,* 112 Fed. 505; *In re
New York etc. Co.,* 110 Fed. 514.)

John A. Wall, for Respondent.

A transfer of an entire stock in trade is not in the usual
and ordinary course of business, and charges the purchaser
with notice of the insolvency of the seller, and, being *prima
facie* fraudulent and void, throws upon him the burden to
show that the transfer was in good faith and not fraudulent.
(*Chevalier* v. *Commins,* 106 Cal. 580; *Matthews* v. *Chaboya,*
111 Cal. 435; *Ballou* v. *Andrews Banking Co.,* 128 Cal. 562;
*Tapscott* v. *Lyon,* 103 Cal. 297; *Godfrey* v. *Miller,* 80 Cal.
420; *Haas* v. *Whittier,* 97 Cal. 411; *Sherman* v. *Luckhardt,* 67
Kan. 682; Bankruptcy Act 1898, sec. 67, clause e.)   The
order granting a new trial must be sustained upon appeal,
no abuse of discretion appearing. (*Bjorman* v. *Fort Bragg*

*Redwood Co.,* 92 Cal. 500; *Bledsoe* v. *Decrow,* 132 Cal. 312; *Gerold* v. *Brunswick etc. Co.,* 67 Cal. 124; *Pico* v. *Cohn,* 67 Cal. 258; *Breckinridge* v. *Crocker,* 68 Cal. 403; *Nally* v. *McDonald,* 77 Cal. 284; *In re Carriger,* 104 Cal. 81; 1 Spelling on New Trial, sec. 237.)

BEATTY, C. J.—This is an appeal by the defendant from an order of the superior court granting the plaintiff's motion for a new trial in an action to set aside an alleged fraudulent transfer of property by an insolvent debtor in anticipation of bankruptcy, and for the purpose of giving the defendant an undue preference over other creditors. The grounds of the motion were insufficiency of the evidence to support the findings and that the decision was against law. It was made upon a statement of the case setting forth the evidence adduced at the trial.

The second ground of the motion seems to have no support, and is not discussed in the briefs. The only question to be considered is whether there was evidence which would have supported findings for the plaintiff on the material issues made by the pleadings; for if so the discretion of the superior court was not abused in granting a new trial, and its order must be affirmed.

It is alleged in the complaint that for some time prior to the twenty-fourth day of December, 1902, one J. H. Corcoran was engaged in the hotel and saloon business at the town of Mt. Bullion, in Mariposa County; that on said date, and on his own petition, he was duly adjudged a bankrupt; that plaintiff was subsequently appointed and qualified as trustee in that proceeding; that as such trustee he took possession of the hotel portion of the Corcoran House, but was excluded by the defendant from the possession of one half of the saloon property in said hotel, consisting of the stock, fixtures, business, and so forth; that the refusal of the defendant to yield possession of said interest in the saloon was based upon a pretended bill of sale of the same, made, executed, and delivered to the defendant by said Corcoran on the twelfth day of December, 1902; and, finally, "That said attempted transfer was an attempted fraudulent preference against the other creditors of the said J. H. Corcoran, a bankrupt." This

rather meager statement of the sole ground upon which the validity of the transfer is assailed is all that the complaint contains in relation to that point. It seems to have been treated at the trial as equivalent to an allegation that defendant was at the date of the bill of sale one of the creditors of Corcoran, and that what purported on its face to be a sale of Corcoran's half-interest in the bar fixtures, etc., for a consideration of one thousand dollars then paid, was in fact an attempted transfer of the property in satisfaction of a preexisting debt in prejudice of the rights of other creditors and in anticipation of the voluntary petition in bankruptcy filed by the vendor only twelve days thereafter. The denial of this allegation in the answer of the defendant raised the only material issue in the case, and to that issue all the evidence taken at the trial was directed. No issue was made or tendered as to the value of the property or the adequacy of the consideration, if it was a sale, and if, as suggested in the argument of counsel for appellant, the order granting a new trial was based upon the sole ground that one thousand dollars was not an adequate price for the property attempted to be transferred, neither the pleadings nor the evidence would justify it. The order, however, is general in terms, and we must presume that it was made because, in the opinion of the judge of the superior court, the transaction was not a sale, but an attempted transfer of the property in satisfaction of a debt due the defendant.

The only direct evidence upon this point was that of the defendant and of Corcoran, which was to this effect: Corcoran boarded in his hotel a number of employees of a mining company, and after each pay-day was in the habit of cashing the checks received by them for their wages out of funds furnished by the defendant. The consideration to defendant for supplying these funds is not stated, and we are left to infer either that the checks were cashed at a discount for him or that Corcoran paid him some percentage for supplying the means of collecting his bills from the men by cashing their checks and retaining in each case the amount due from the payee. In November, 1902, Corcoran's debts to various parties amounted to about eighteen thousand dollars, and all his property was encumbered except his homestead and his

half-interest in the Corcoran Hotel bar—the property in con-
troversy. Among his pressing obligations was a note for
$1,666, secured by mortgage, and falling due December 1st.
To meet this obligation he applied to defendant for a loan of
sixteen hundred dollars, stating that the only security he had
to offer was his half-interest in the saloon. Defendant de-
clined to make the loan, upon the ground, among others, that
the proposed security was not worth more than one thousand
dollars. He advised Corcoran to try to obtain an extension
of time on his note, and offered, in case he failed to do so, to
buy his interest in the saloon for one thousand dollars. Cor-
coran failed to obtain the extension and returned home.
About the ninth day of December defendant placed in Cor-
coran's hands three thousand dollars, to be used in cashing
checks on the approaching pay-day, and this money was in
Corcoran's safe on December 10th, when he was threatened
with an attachment suit for $208. To prevent this attach-
ment, and to satisfy some other claims, he was authorized by
defendant to use a portion of the three thousand dollars.
Defendant says that in giving him this authority he expressly
stated that whatever amount he so used should be deemed a
payment on account of the purchase of the saloon interest at
the agreed price of one thousand dollars. Corcoran does not
testify to any such express agreement, but says that having
occasion to pay several demands, and deeming defendant's
offer to purchase still open, he appropriated one thousand
dollars out of the three thousand dollars on the 11th, and the
next morning at four o'clock, just before leaving home, made
out a bill of sale, statement of checks cashed, etc., and left
them and the remaining cash with his bookkeeper for deliv-
ery to defendant. The bill of sale, statement, and possession
of the saloon were delivered to and accepted by the defend-
ant at six o'clock the same morning, and he thereafter re-
mained in possession of the saloon by his employees in con-
junction with Corcoran's former partner—the owner of the
other half-interest. This evidence, if true, shows a perfectly
legitimate transaction in no wise opposed to the letter or
spirit of the Bankruptcy Law if the price paid for the prop-
erty transferred was a fair one, and there is neither allega-
tion nor proof that it was inadequate. A creditor of an in-

solvent debtor gains no advantage over other creditors by buying his property at a fair price, paid in cash. And there is no fraud in such a transaction unless its purpose is to enable the insolvent to conceal, misappropriate, or abscond with the proceeds.

The whole question in this case is therefore reduced to this: Was there anything in the testimony of the other witnesses or in the documentary evidence adduced at the trial which would have warranted the court and jury in discrediting the testimony of defendant and Corcoran, and in finding that there was no sale of the property in controversy, but merely a transfer in satisfaction of a debt? Counsel for respondent contends that it is clear from Corcoran's own testimony that what happened was simply an embezzlement by Corcoran of one thousand dollars of defendant's money on December 11th, and then—when he owed defendant over seventeen hundred dollars—a pretended sale of the property on the 12th, an afterthought on his part to screen him from the consequences of his misappropriation of money intrusted to him for a particular purpose, acquiesced in by defendant merely because he could do no better than to put that face upon it. We find nothing in the testimony of Corcoran or the defendant to justify this construction. But, considering the unusual circumstances of the transaction, we think the burden of proof rested upon the defendant to establish its *bona fides.* The sale—if a sale—was not in the ordinary course of business. Corcoran was undoubtedly insolvent, and there is abundant evidence that defendant knew the state of his affairs. The court was not bound to accept their evidence upon a matter in which they were so deeply interested; and although we cannot see in the record before us any cogent reason for rejecting their evidence, the judge who heard them testify may have been entirely justified in doing so, and as his order granting a new trial implies that he did not accept their statements it cannot be disturbed.

Counsel for appellant makes the point that the order granting a new trial should be reversed and the superior court directed to dismiss the action because it is essentially an action to recover the property or its value, and that no such action can in any event be sustained, because it appears from

the record that Corcoran and C. F. Adair owned the saloon
and conducted the business as partners; that Adair is not
insolvent or adjudged bankrupt; that under paragraph *h*
of section 5 of the Bankrupt Act of 1898 he is entitled to
retain possession of the property pending settlement of the
partnership business, subject only to the duty of accounting
for the interest of Corcoran when the business is closed. The
fact of Adair's interest is found by the court, though not
alleged in the pleadings, and the law appears to secure him
in the right of possession as contended. But this is not an
action to recover possession of the property. Its object is
merely to determine the title to the half-interest which Cor-
coran attempted to transfer to defendant. The prayer of
the complaint is, that said transfer may be adjudged invalid,
for an accounting of the proceeds received by defendant since
he took possession, and for general relief. A judgment for
plaintiff would not disturb the possession of Adair or affect
his right to conduct the business to a settlement. Nor is
Adair a necessary party to the action in any view. With
respect to the rival claims of plaintiff and defendant to Cor-
coran's half-interest, he occupies the position of a sort of
stakeholder, and in supposable circumstances might have re-
quired them to interplead as to their conflicting claims upon
him for an accounting of the Corcoran interest in the part-
nership. But whether he should be a party to the controversy
or not was a question for him to decide. At all events the
defendant could not be prejudiced by his absence. And,
moreover, the question of proper parties is not involved in
an appeal from an order granting a new trial.

Order affirmed.

Van Dyke, J., Shaw, J., Angellotti, J., Lorigan, J., and
Henshaw, J., concurred.